**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**STEVE DINWIDDIE,**
**N-08328,**

**Petitioner,**

      **vs.**                             **Case No. 14-cv-1360-DRH**

**ZACH ROECKEMAN,**

**Respondent.**

**<u>MEMORANDUM AND ORDER</u>**

**HERNDON, District Judge:**

       Petitioner is currently confined at Big Muddy River Correctional Center ("BMRCC") as a sexually dangerous person ("SDP"). He has been in the custody of the Illinois Department of Corrections ("IDOC") since 1998, when a commitment trial was concluded in Jefferson County Circuit Court. He brings this action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.

       This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After

carefully reviewing the petition, the Court concludes that this action must be dismissed.

## Background

This case represents the fifth[1] action brought in this Court by petitioner seeking habeas relief pursuant to § 2254. Each of these prior attempts has been unsuccessful.

The procedural history of petitioner's civil commitment as a SDP, and his subsequent challenges in state court to his continued confinement, was discussed in detail in this Court's order dismissing his first petition for habeas relief. *See Dinwiddie v. Evans*, Case No. 05-cv-886-GPM-DGW (Doc. 30, Memorandum and Order of April 21, 2008, adopting report of Magistrate Judge). To briefly summarize, petitioner was civilly committed to the guardianship of the Illinois Director of Corrections as a SDP on April 29, 1998, following a jury trial. He appealed this judgment to the Illinois Appellate Court, Fifth District. *Id.* The appellate court affirmed his commitment on July 8, 1999. *Id.* He then petitioned for leave to appeal to the Illinois Supreme Court, which denied the petition on October 6, 1999. *Id.*

After the original commitment, petitioner filed three "Applications for Recovery" in state court pursuant to 725 ILCS 205/9, requesting to be released.

---

[1] Petitioner's previous federal habeas cases were: *Dinwiddie v. Evans*, Case No. 05-cv-886-GPM-DGW (S.D. Ill., filed Dec. 19, 2005, and dismissed April 21, 2008); *Dinwiddie v. Evans*, Case No. 08-cv-458-DRH (S.D. Ill., filed June 20, 2008, and dismissed July 9, 2008); *Dinwiddie v. Evans*, Case No. 08-cv-689-NJR-DGW (S.D. Ill., filed Oct. 1, 2008, and dismissed June 30, 2009); *Dinwiddie v. Evans*, Case No. 09-cv-776-DRH (S.D. Ill., filed Sept. 24, 2009, and dismissed March 23, 2010). He also filed *Dinwiddie v. Evans*, Case No. 10-cv-675-DRH in September 2010, but voluntarily dismissed that action before the Court conducted an initial review.

Each of these applications was either denied or dismissed.  *Id.*  The first proceeding concluded on December 2, 2003, when the Illinois Supreme Court rejected his petition for leave to appeal.  The second recovery petition was dismissed by the Jefferson County Circuit Court on August 2, 2002, and petitioner did not appeal that outcome.  In the third proceeding, a bench trial was held, and the trial court ruled on May 6, 2004, that petitioner remain a SDP.  He appealed that judgment, but the Illinois Appellate Court, Fifth District, dismissed the appeal on the grounds of statutory waiver on June 27, 2005.  Petitioner did not seek further review of the appellate court's action.[2]  *Id.*

Petitioner filed his first habeas action in this Court on December 19, 2005.  *Dinwiddie v. Evans*, Case No. 05-cv-886-GPM-DGW.  He challenged both his confinement in BMRCC and his classification as a sexually dangerous person.  Upon initial review of the petition, on February 1, 2006, this Court dismissed all counts of the habeas petition which purported to challenge the original 1998 judgment finding petitioner to be a SDP because those claims were time barred by 28 U.S.C. § 2244(d)(1) (Doc. 5 in Case No. 05-cv-886).  This Court, however, also determined that petitioner was not challenging just the initial 1998 civil confinement proceeding, but also the three subsequent recovery proceedings in which his confinement was upheld.  *Id.*  The Court ultimately held that petitioner's challenges to his first two recovery proceedings were time barred under § 2244(d)(1), and that his challenge to the third recovery proceeding was

---

[2] Petitioner claimed to have filed a petition for leave to appeal from the June 2005 dismissal of his case by the Illinois Appellate Court, but this Court found that he did not in fact seek review by the Illinois Supreme Court.  *Dinwiddie v. Evans*, Case No. 05-cv-886-GPM-DGW, Doc. 30.

procedurally barred (Doc. 30 in Case No. 05-cv-886).  The habeas petition was dismissed on April 21, 2008.  Petitioner did not appeal from the order dismissing his case.

Instead, he filed another petition with this Court on June 20, 2008, *Dinwiddie v. Evans*, Case No. 08-cv-458-DRH.  Again, petitioner's challenge to his confinement was based upon alleged errors in the original 1998 commitment proceeding.  The habeas case was dismissed for lack of jurisdiction, because it represented a second/successive petition for which petitioner had not obtained prior filing authorization from the appellate court (Doc. 5 in Case No. 08-cv-458).  *See* 28 U.S.C. § 2244(b)(3)(A).  Petitioner's appeal from this Court's order was dismissed when he failed to pay the appellate filing/docketing fee.

Petitioner's next two habeas cases were likewise dismissed without prejudice, because again, he sought relief based on perceived flaws in either the 1998 proceeding or the subsequent recovery proceedings that were the subject of his initial habeas petition.  In each case, he failed to obtain the necessary advance authorization from the Court of Appeals before filing his successive petition in this Court.  *See* Doc. 14 in *Dinwiddie v. Evans*, Case No. 08-cv-689-NJR-DGW; and Doc. 5 in *Dinwiddie v. Evans*, Case No. 09-cv-776-DRH.

**The Petition**

As before, petitioner bases his challenge on the 1998 trial court commitment proceeding, arguing that he was denied the effective assistance of counsel (Doc. 1, pp. 10, 14; Doc. 1-1).  According to petitioner, his trial attorney

failed to impeach a prosecution witness with a prior inconsistent statement, and failed to subpoena a witness.

The pleading does not demonstrate that petitioner has brought any further Application for Recovery or other challenge to his confinement in state court, since the conclusion of his third recovery petition in June 2005.   Again, there is no indication that petitioner sought or was granted leave from the Seventh Circuit Court of Appeals to bring a successive petition for habeas relief under § 2254.

**Discussion**

As outlined above, petitioner brought his original § 2254 habeas action in 2005, *Dinwiddie v. Evans*, Case No. 05-cv-886-GPM-DGW.   In that case, he challenged the initial 1998 civil commitment proceeding as well as the subsequent proceedings on his Applications for Recovery.  He was unsuccessful in obtaining any relief, because his claims were either time-barred or procedurally barred. That original habeas action was concluded long ago.  As this Court has explained to petitioner before on three different occasions, he cannot maintain another habeas challenge in this District Court based on the same (1998-2005) underlying state trial court proceedings, unless he first obtains permission from the appellate court to do so.

Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   Like his most recent petitions

enumerated above, the instant petition once again is based on claims of error that occurred in the 1998 proceeding that was the subject of his original § 2254 petition in 2005.   By definition, it is therefore a "successive application" for habeas relief.   And again, petitioner did not obtain or even apply for permission from the Seventh Circuit Court of Appeals to bring the instant § 2254 application in this Court.   For this reason, the Court lacks authority to grant petitioner the relief he seeks.

**<u>Filing Fee</u>**

Petitioner is informed that his payment of the $5.00 filing fee for this action was received by the Clerk of Court on January 5, 2015.

**<u>Disposition</u>**

Accordingly, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED,** without prejudice, because this Court lacks jurisdiction to entertain this successive petition.   The Clerk of Court is **DIRECTED TO CLOSE THIS CASE**.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of this order.   FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal.   *See* FED. R. APP. P. 24(a)(1)(C).   If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the

outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[3]

## Certificate of Appealability

Should Petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id.* at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

---

[3] A Rule 59(e) motion to alter or amend an order or judgment must be filed no later than 28 days after the entry of the challenged order or judgment. FED. R. CIV. P. 59(e).

For the reasons detailed above, the Court has determined that it is without jurisdiction to entertain this successive petition for relief pursuant to 28 U.S.C. § 2254.  Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect.  Thus, petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

**IT IS SO ORDERED.**

**Dated: January 5, 2015**

Digitally signed
by David R.
Herndon
Date: 2015.01.05
14:00:07 -06'00'

**United States District Judge**